UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD HERNANDEZ,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A.; CONCORA CREDIT, INC; CREDIT, INC; EQUIFAX; EXPERIAN; TRANSUNION LLC,<br><br>Defendants. | Case No.  1:25-cv-00710-KES-HBK<br><br>ORDER TO SHOW CAUSE WHY DEFENDANTS TRANSUNION LLC AND EXPERIAN SHOULD NOT BE DISMISSED FROM THIS ACTION FOR FAILURE TO PROVIDE SUFFICIENT INFORMATION TO EFFECTUATE SERVICE<br><br>THIRTY (30) DAY DEADLINE |

Plaintiff Edward Hernandez is proceeding pro se and *in forma pauperis* in this action.  He initiated the case on June 11, 2025, by filing a complaint asserting violations of the Fair Credit Reporting Act, Fair Debt Collection Practices Act, Rosenthal Fair Debt Collection Practices Act, and state law tort and contract claims.

On June 27, 2025, the Court issued an order stating that service was appropriate on Defendants.  (Doc. 4 at 2).  The Court directed the Clerk of Court to send USM-285 and summons forms, along with other documents, to Plaintiff and ordered Plaintiff to complete them within thirty days.  (*Id.*).  On July 16, 2025, Plaintiff submitted these documents.  (Doc. 5).  On July 18, 2025, the Court directed the United States Marshal to serve Defendants.  (Doc. 6).  On August 18, 2025, the summons and complaint sent to Defendant TransUnion LLC was "returned as undeliverable as addressed.  Unable to forward."  (Doc. 18 at 1).  The same day, the summons

and complaint sent to Defendant Experian was "returned as undeliverable.  Package unable to be forwarded."  (*Id.* at 3).

Federal Rule of Civil Procedure 4(m) provides as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding *in forma pauperis*, the Marshal, upon order of the court, shall serve the summons and the complaint.  Fed. R. Civ. P. 4(c)(3).  Though courts afford pro se litigants more leeway than those with counsel, "a party's pro se status does not constitute 'good cause' for failing to timely effect service." *Nicholas Wilson v. Donald J. Trump*, 2026 WL 841217, at *1 (E.D. Cal. Mar. 26, 2026) (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987); *Townsel v. Contra Costa Cnty.*, 820 F.2d 319, 320 (9th Cir. 1987); E.D. Cal. L.R. 183(a)).

Here, the Marshal attempted to serve these two Defendants at the addresses provided by Plaintiff.  However, the Marshal was informed that these addresses were insufficient for service of process.  If Plaintiff is unable to provide the Marshal with the necessary information to execute service on these Defendants, Defendants TransUnion LLC and Experian shall be dismissed from this action, without prejudice.

Pursuant to Rule 4(m), the Court will provide Plaintiff with the opportunity to show cause why Defendants TransUnion LLC and Experian should not be dismissed from the action at this time.  Plaintiff may respond to this order by providing USM-285 forms and completed summons with correct addresses where the Marshall can execute service of process for these Defendants, along with two copies of his Complaint.

Accordingly, it is hereby ORDERED:

1. Within **thirty (30)** days from the date of service of this order, Plaintiff shall show cause why Defendants TransUnion LLC and Experian should not be dismissed from this action;

2. In the alternative, Plaintiff shall provide USM-285 and completed summons with correct addresses for Defendants TransUnion LLC and Experian, along with two copies of his Complaint.

3. The Clerk of Court is directed to send Plaintiff: Two (2) USM-285 forms, and two (2) summons forms, A Notice of Submission of Documents form, An instruction sheet, and A copy of the Complaint filed on June 11, 2025.

4. The failure to respond to this order or the failure to show cause will result in the dismissal of any unidentified and unserved defendant from this action, due to Plaintiff's failure to serve process pursuant to Federal Rule of Civil Procedure 4(m).

Dated:    April 3, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3