UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD HERNANDEZ, | Case No.  1:25-cv-00710-KES-HBK |
| Plaintiff, | ORDER GRANTING MOTION FOR MORE DEFINITE STATEMENT |
| v. | (Doc. 26) |
| BANK OF AMERICA, N.A., et al., | |
| Defendants. | |

Pending before the Court is Defendant Bank of America, N.A.'s combined motion to dismiss and motion for a more definite statement.  (Doc. 26).[1]  The Court grants the motion to provide a more definite statement and deems the motion to dismiss moot for the reasons below.

BACKGROUND

Plaintiff Edward Hernandez proceeds pro se and *in forma pauperis* on his complaint asserting violations of the Fair Credit Reporting Act, Fair Debt Collection Practices Act, Rosenthal Fair Debt Collection Practices Act, and various state-law tort and contract claims against several defendants. (Doc. 1).  On September 26, 2025, Defendant Bank of America, N.A. moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for a more definite statement under Rule 12(e). (Doc. 26).  Plaintiff filed an

---

[1] All document and page numbers are to the respective pleadings' document number and page number as reflected on the Court's Case Management and Electronic Filing System (CM/ECF).

opposition, and Defendant filed a reply. (Docs. 33, 35).

For purposes of this motion, the Court summarizes only the allegations against Bank of America. The complaint alleges that, on an unknown date, Plaintiff opened a new account with Bank of America in Fresno, California, and later accepted Bank of America's offer for a credit card with a $1,700 limit. (Doc. 1 at 4 ¶ 18). At a later unspecified date, after Plaintiff had been a Bank of America customer for more than five years, he was in the midst of a loan process to obtain a mortgage needed to close on a property that he had under contract. (*Id.* at ¶ 19). The complaint alleges his credit at that time was high enough to qualify for the loan and that Bank of America was aware of the loan process because the mortgage lender's verification process included "deposit seasoning information." (*Id.*).

During the loan process, Plaintiff allegedly discovered "fraudulent activity" involving his Bank of America checking account, in which several payments from the account were credited to another individual's account. (*Id.* at ¶ 20). Instead of conducting a "proper investigation," Bank of America allegedly froze the funds in Plaintiff's bank accounts and cut off his online access to checking and savings accounts, in violation of the Bank of America service agreement. (*Id.* at 4-5 ¶ 21). A few days later, Bank of America allegedly canceled Plaintiff's credit card and terminated his access to the card. (*Id.* at 5 ¶ 22). The complaint further alleges that Bank of America did not lift the hold on Plaintiff's funds for three months, causing him to miss payments to other vendors. (*Id.* at ¶¶ 23-24). On an unknown subsequent date, Bank of America allegedly reported both a 30-day missed payment and the cancellation of Plaintiff's, which caused his credit score to drop below the level needed to qualify for the property purchase. (*Id.* at ¶¶ 25-26). Plaintiff alleges that, as a result, he was forced to make immediate plans to vacate the property, and his spouse told him she would be filing for divorce to provide "our children with a home of their own." (*Id.* at ¶ 26). Bank of America's adverse actions allegedly prompted other creditors to take similar adverse actions, further reducing his credit limit and credit score. (*Id.* at ¶ 27).

The complaint further alleges that, on an unknown date, Bank of America "attempted to manipulate the date line as to when the adverse action was taken by changing the information reported to the [Consumer Reporting Agencies]." (*Id.* at ¶ 28). Bank of America allegedly

2

"continued to report 30-day lates for an extended period of time to the [Consumer Reporting Agencies]" even after it had "charged off the outstanding balance" on Plaintiff's credit card account and continues to report 30-day lates to this day.  (*Id.* at ¶¶ 29, 36).

As a result of the alleged wrongful actions by Bank of America and the other defendants, Plaintiff claims he struggled to obtain housing and was forced to secure higher cost temporary housing for more than three years because rental applications were continually when his credit score fell below the commonly required 625.  (*Id.* at 8 ¶ 54).  He further alleges he lost economic opportunities, including cancellation of two mortgage approvals, being forced to pay higher interest rates for credit cards and auto loans, and being unable to expand his business through expansion loans.  (*Id.* at ¶¶ 55-57).

APPLICABLE LAW

Rule 12(e) provides that a party "may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response" and that such a motion "must . . . point out the defects complained of and the details desired."  Fed. R. Civ. P. 12(e).  Whether to grant a Rule 12(e) motion is within the Court's discretion.  *See Scott v. Mortg. Elec. Registration Sys., Inc.*, No. 2:10-cv-02081-GMN, 2011 WL 4346360, at 3 (D. Nev. Sept. 14, 2011) (citing *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996)).  Courts have "much discretion to grant or deny motions for more definite statements 'as may be appropriate in the particular case.'"  *Renfrow v. BDP Innovative Chemicals Co.*, No. CV-14-01183-PHX-GMS, 2015 WL 13036933, at 1 (D. Ariz. May 20, 2015) (quoting *McHenry*, 84 F.3d at 1179).  Generally, Rule 12(e) motions are disfavored.  *U.S. E.E.O.C. v. Alia Corp.*, 842 F. Supp. 2d 1243, 1250 (E.D. Cal. 2012).  Although courts have found Rule 12(e) motions "particularly appropriate" "when necessary to determine whether threshold defenses exist," including the statute of limitations.  Steven Baicker-McKee & William M. Janssen, *Federal Civil Rules Handbook* (2026 ed.) p. 510.

Courts are divided as to whether a failure to allege specific dates warrants a more definite statement under Rule 12(e).  *Renfrow*, 2015 WL 13036933, at *1; *see Baldain v. Am. Home Mortg. Servicing, Inc.*, No. CIV S-09-0931 LKKGGH, 2010 WL 56143, at *5, *5 n.6 (E.D. Cal.

3

Jan. 5, 2010) (observing that the rules generally do not require a complaint to specify the exact date of the alleged misconduct and that such  information is "exactly the sort of information which should be obtained through the discovery process" but citing authority to the contrary) (quoting *Famolare, Inc. v. Edison Bros. Stores, Inc.,* 525 F.Supp. 940, 949 (E.D. Cal. 1981).

Some courts have granted Rule 12(e) relief where a complaint alleged only broad ranges of time such that "the events could have taken place at any point over the course of several months," leaving the defendant and the court to guess when the activities occurred. *Schumacher v. J.R. Simplot Co.*, No. 6:21-cv-00489-MC, 2021 WL 3604836, at 5 (D. Or. Aug. 13, 2021).  Or when the complaint contains conflicting dates as to certain claims and no dates as to other claims. *Stingley v. City of Hanford*, No. 1:23-cv-00089-BAM-KES (E.D. Ca. June 12, 2023).  Similarly, courts have denied Rule 12(e) motions because the complaint provided at least a general timeframe, and more specific details could be obtained in discovery. *See Pamer v. Schwarzenegger*, No. 1:07-cv-01351-LJO-GSA, 2010 WL 785851, at *2 (E.D. Cal. Mar. 4, 2010).

The court considers a Rule 12(e) motion in accordance with the liberal pleading standard set forth in Rule 8.  Under Rule 8(a), a complaint must at least provide a general timeframe sufficient to put a defendant on notice of when the alleged conduct occurred.  *See McKeever*, 932 F.2d at 798 (holding that, where the amended complaint referenced the plaintiff's criminal trial, "the dates of the alleged misconduct readily could be ascertained," and the complaint therefore gave defendants fair notice); *Calvin v. Boe*, No. 3:22-CV-05217-RSM-BAT, 2024 WL 3925296, at *3 (W.D. Wash. Aug. 21, 2024) (granting leave to amend and directing plaintiff to "specify the time frame" of the alleged events); *Duncan v. California Healthcare Receivership Corp.*, 2024 WL 3743355, at *3 (E.D. Cal. Aug. 9, 2024), *report and recommendation adopted as modified*, 2024 WL 4497333 (E.D. Cal. Oct. 15, 2024) (Sherriff, J.) (dismissing complaint with leave to amend where it contained only "vague and ambiguous references to a time frame" spanning several years).

Even courts that have declined to require specific dates recognize that a complaint must provide a general timeframe.  *See, e.g., Pederson v. Novartis Pharms. Corp.*, No. 3:20-CV-

4

05216-RBL, 2020 WL 3542775, at *2 (W.D. Wash. June 30, 2020) (complaint sufficient where it identified the date of diagnosis and "the period during which [plaintiff] took" the medication); *State Farm Fire & Cas. Co. v. Beverage Air Corp.*, No. CV-18-02800-PHX-DLR, 2019 WL 2395642, at *1 (D. Ariz. June 6, 2019) (noting that although a complaint "need not allege specific dates," it must allege "a general timeframe of when the alleged events occurred"); *Rosen v. Hollywood Show, LLC*, No. 218CV00215CASEX, 2018 WL 1684314, at *3 (C.D. Cal. Apr. 4, 2018) (to satisfy Rule 8(a) and provide fair notice, plaintiff should allege when and where "generally" the alleged infringement occurred); *Baldain*, 2010 WL 56143, at *5 (holding that a complaint "must provide some notice as to when the challenged conduct allegedly occurred" and that it suffices if it puts defendant "on notice of the time frame in question'") (quoting *Dickens v. District of Columbia,* 502 F. Supp. 2d 90, 94 (D.D.C. 2007)); *accord Ortega v. Univ. of Pac.*, 2013 WL 6054447, at *5 (E.D. Cal. Nov. 15, 2013) (denying 12(e) motion where complaint already alleged the length of employment and specific dates for reporting and retaliation).

Rule 8's framework is consistent with Rule 12(e)'s limited role: the rule is designed to address pleadings so vague or ambiguous that a party cannot reasonably prepare a response, not to require evidentiary detail in place of notice pleading.

ANALYSIS

Defendant argues that Plaintiff should be required to provide a more definite statement because the complaint does not identify any dates or time period when the alleged conduct occurred, stating only that Plaintiff has been a Bank of America client for more than five years. (Doc. 26 at 6-8). Defendant contends that without a timeframe, it cannot assess or respond to whether some or all of the claims are time-barred. (*Id.* at 8). Defendant also asserts that Plaintiff should be required to provide more information regarding his credit cards, checking account, and savings account, but its briefing does not clearly identify what specific account details it seeks. (*See generally id.*, Doc. 35).

Plaintiff responds that the complaint makes clear that Bank of America's violations are ongoing, rendering any statute-of-limitations argument premature, and that Bank of America is well aware of the actions it has taken against Plaintiff over the past 42 months. (Doc. 33 at 3-5).

In the alternative, Plaintiff requests that, if the Court does not deny the motion outright, it grant the motion for a more definite statement to allow him to file an amended complaint correcting party names, adding additional facts and dates, and asserting additional causes of action. (*Id.* at 5).

The Court finds that the complaint does not provide a sufficiently definite statement of Plaintiff's claims against Bank of America because it contains no allegations identifying when the challenged conduct occurred. With no dates or even approximate timeframes, Defendant cannot reasonably prepare a response or meaningfully assess threshold defenses such as the statute of limitations. Although Defendant may eventually obtain this information through discovery, forcing the parties to proceed without any temporal anchors in the pleadings would undercut Rule 12(e)'s purpose and conflict with Rule 1's mandate "to secure the just, speedy, and inexpensive determination of every action." *See Crawford-El v. Britton*, 523 U.S. 574, 598 (1998).

Under the authorities discussed above, Rule 8(a) requires that Plaintiff at least allege a general timeframe—such as the year, month and year, or a defined multi-month period—for the events underlying his claims. The current pleading does not do so. The Court therefore exercises its discretion to require a more definite statement limited to this temporal deficiency. *See Renfrow*, 2015 WL 13036933, at *1; Schumacher*, 2021 WL 3604836, at *5.

At the same time, Defendant has not carried its burden under Rule 12(e) with respect to additional account details. The complaint identifies the types of accounts at issue (Bank of America checking, savings, and credit card accounts), the nature of the alleged misconduct (freezing funds, canceling the credit card, reporting missed payments and charge-offs, and continued negative reporting), and the alleged resulting harms. This level of detail is sufficient to place Defendant on notice of the claims and to allow it to prepare a responsive pleading; any further specifics about account numbers, sub-accounts, or similar details may be explored in discovery. *See Ortega*, 2013 WL 6054447, at *5; Baldain*, 2010 WL 56143, at *5; Pamer, 2010 WL 785851, at *2. Moreover, Defendant's briefing does not clearly "point out . . . the details desired" on this issue, as Rule 12(e) requires.

Accordingly, the Court grants the Rule 12(e) motion only to the extent necessary to

require Plaintiff to allege dates or a timeframe for the alleged conduct and denies the request for additional account-level detail.

Accordingly, it is ORDERED:

1. Defendant Bank of America N.A.'s motion for a more definite statement (Doc. 26) is GRANTED to the limited extent set forth above.

2. Within thirty (30 Days) of the date of this Order, Plaintiff shall file an amended complaint titled "First Amended Complaint" that include dates or a time-frame sufficient to place Defendant Bank of America, N.A. on notice of when the alleged wrongful acts occurred.  Plaintiff may not add new parties or new claims.

3. Defendant Bank of America, N.A. shall file a response to the First Amended Complaint within fourteen (14) days after it is filed.

4. Defendant Bank of America N.A.'s motion to dismiss (Doc. 26) is DENIED as moot.

Dated:     May 14, 2026

_____
HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

7